IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
GLAUDIS LAWRENCE,            )
          Plaintiff,         )
                             )
     v.                      )   C.A. No. 08-1618
                             )
MORRIS HARPER, M.D.; ET. AL, )   Magistrate Judge Lisa Pupo
                             )   Lenihan
          Defendants.        )
```

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this action be remanded back to the Court of Common Pleas of Allegheny County as this United States District Court for the Western District of Pennsylvania lacks subject matter jurisdiction and diversity jurisdiction over Plaintiff's Complaint.

**II.   REPORT**

Plaintiff, Glaudis Lawrence, is a state prisoner confined at the State Correctional Institution at Huntingdon, Pennsylvania (SCI-Huntingdon). On November 13, 2008, in the Court of Common Pleas of Allegheny County, Pennsylvania, Plaintiff filed an Amended Complaint against the following individuals employed either directly or through contract with the Allegheny County Jail: Dr. Morris Harper, Physician Assistant Lemoren Smith, Warden Raymond Rustin, Grievance Officer Captain Maust and Nurse Jane Does Nos. 1, 2 and 3 (doc. no. 3-3). On November 24, 2008, Defendants filed a Notice of Removal in this United States District Court for the Western

District of Pennsylvania. In its Notice, Defendants assert that removal is proper because the court has original jurisdiction under 28 U.S.C. § 1331 as the action should be considered as one alleging violations of constitutional law under 42 U.S.C. § 1983. However, Plaintiff's Original and Amended complaints both <u>only</u> cite Pennsylvania law as the basis of liability.

Defendants assert that this action is removable under 28 U.S.C. § 1441, which provides, in pertinent part, as follows.

> 1441. Actions removable generally
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

The burden of establishing removal jurisdiction is born by the defendant and the failure to meet this burden results in remand of the removed case. <u>Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350, 358 (3d Cir. 1995). In this regard, the defendants must demonstrate that removal is proper based on the allegations in the complaint and the notice of removal. *See, e.g.*, <u>Kerstetter v. Ohio Cas. Ins. Co.</u>, 496 F.Supp. 1305, 1307 (E.D. Pa. 1980). In determining whether removal is proper, the Court of Appeals for the

Third Circuit has informed us that "the removal statutes are to be strictly construed against removal and [that] all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

In Plaintiff's Original and Amended Complaints he only asserts violations of Pennsylvania state law and seeks to impose liability against defendants on the basis of negligent treatment of Plaintiff's medical condition. Thus, in his Amended Complaint, Plaintiff clearly is seeking relief against Defendants on the basis of negligence pursuant to Pennsylvania law. There are three counts in Plaintiff's Amended Complaint. They are: 1) Medical Malpractice; 2) Negligence; and 3) Intentional Infliction of Emotional Distress. Nowhere does he assert a violation of his rights under the 8th Amendment to the Constitution. In addition, Plaintiff opposes removal and seeks to remand this action back to the Court of Common Pleas of Allegheny, County, Pennsylvania, where it was originally filed (doc. no. 2). In his response to the Notice of Removal, Plaintiff clarifies that he is stating no claims of violation of 42 U.S.C. §1983 and that all of his claims are based on violations of state law.

As stated above, Defendants assert that removal of this action was proper under 28 U.S.C. § 1441(a). However, removal under section 1441(a) applies only where the United States District Court could have had original jurisdiction over the action as filed. In

the case at bar, Plaintiff could not have filed this action in this Court's original jurisdiction because his action does not allege any constitutional violation. Moreover, this action could not be filed under this court's diversity jurisdiction. As this action could not have been filed in this District Court's original jurisdiction or diversity jurisdiction, Defendants' assertion that this action is removable under 28 U.S.C. § 1441(a) is incorrect.

The discussion above reveals that Defendants have not carried their burden of proving that removal of this action was proper under 28 U.S.C. § 1441(a). Moreover, this Court does not have subject matter jurisdiction or diversity jurisdiction over Plaintiff's state negligence action. Consequently, this Court is required to remand this case back to the appropriate state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). *See also* Bromwell v. Michigan Mutual Insurance Company, 115 F.3d 208, 212 (3d Cir. 1997) ("[O]nce the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court.").

## III. CONCLUSION

It is recommended that this action be remanded back to the Court of Common Pleas of Allegheny County as this United States District Court for the Western District of Pennsylvania lacks

jurisdiction over Plaintiff's Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: January 8, 2009

Glaudis Lawrence
FY-7121
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112